**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARTY LEE RORIE,
Plaintiff-Appellant,

and

CARL WILLIAMS,
Plaintiff,

No. 96-7548

v.

FRANKLIN FREEMAN, Secretary of the
Department of Corrections; CAPTAIN
STEEN; CHAPLAIN SMITH,
Defendants-Appellees.

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Graham C. Mullen, District Judge.
(CA-96-363-3-MU)

Submitted: May 30, 1997

Decided: June 19, 1997

Before HALL and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Marty Lee Rorie, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant appeals from the district court's order dismissing his 42 U.S.C. § 1983 (1994) complaint alleging deliberate indifference to a known risk of harm to Appellant by another inmate. In his complaint, Appellant alleges that prison officials Captain Steen and Chaplain Smith warned him about a specific threat to him by a certain inmate, and then failed to intervene when the inmate was reassigned to Appellant's housing unit within the week. Appellant and the inmate were involved in a confrontation shortly thereafter. Finding that Appellant had failed to allege a constitutional violation, the district court dismissed the complaint as frivolous pursuant to 28 U.S.C.A. § 1915A (West Supp. 1997).

We have held that deliberate or callous indifference on the part of prison officials to specific known risks of harm states an Eighth Amendment claim. Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987); see also Farmer v. Brennan, 511 U.S. 825, 833 (1994). Contrary to the finding of the district court, Appellant's complaint clearly alleges the deliberate indifference of Steen and Smith to a known risk of attack by a specific inmate. It cannot be said, therefore, that Appellant fails to allege a constitutional violation or that his allegations are simply conclusory. Accordingly, we find that Appellant's complaint against Steen and Smith is not factually or legally frivolous on its face. We therefore vacate the dismissal order and remand the matter for further proceedings as to these Defendants.

We find, however, that the claim against Secretary Franklin Freeman was properly dismissed because there is nothing in the record to suggest that Freeman knew of a pervasive risk of harm to Appellant and failed to address the problem. Moore v. Winebrenner, 927 F.2d 1312, 1315 (4th Cir. 1991). We deny Appellant's motions for appointment of counsel and for an injunction to permit correspon-

2

dence with another inmate. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART

3